IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WILSON OCHAR,
                    *Plaintiff,*

    v.

UNITED STATES OF AMERICA,
                    *Defendant.*

1:25-cv-02218-MSN-WBP

ORDER

Plaintiff Wilson Ochar, proceeding *pro se*, has filed a complaint against the United States of America contending that the filing fees assessed by the United States District Court for the Eastern District of Virginia violate civil litigants' Fifth Amendment rights. ECF 1 at 3-4. Plaintiff purports to bring this action on behalf of all individuals who have been required to pay civil filing fees by the United States District Court for the Eastern District of Virginia. *Id.* at 5. Along with his complaint, he filed a motion for leave to proceed *in forma pauperis*. ECF 2.

When a plaintiff seeks to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to "dismiss an action that the [C]ourt finds to be frivolous or malicious or that fails to state a claim." *Middleton v. Carrington Mortg. Servs., LLC*, No. 1:16-cv-01084, 2016 WL 9211651, at *1 (E.D. Va. 2016) (quoting *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006)). The standards for dismissal pursuant to § 1915(e)(2)(B) are the same as for those under Federal Rule of Civil Procedure 12(b)(6). *Mallett v. Disney Enters.*, No. 1:21-cv-616 (RDA/JFA), 2021 WL 5505085, at *1 (E.D. Va. Nov. 24, 2021) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). At the 12(b)(6) stage, "a judge must accept as true all of the factual allegations contained in the complaint" and accord a liberal construction to a *pro se* litigant's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Plaintiff's complaint does not state a cognizable claim for relief. He alleges that the Court has violated his right to due process by assessing civil filing fees. The Supreme Court, however, has explained that civil filing fees violate due process only where the underlying suit implicates an individual's fundamental rights and there are no other avenues for seeking relief. *Compare Boddie v. Connecticut*, 401 U.S. 371, 380-81 (1971) (concluding that mandatory filing fees in divorce proceedings violated due process because of the fundamental nature of marriage and the centrality of courts to the dissolution of a marriage), *with United States v. Kras*, 409 U.S. 434, 443-445 (1973) (holding that mandatory filing fees in bankruptcy proceedings did not violate due process as the proceedings did not implicate a fundamental right and bankruptcy is "not the only method available" to debtors to adjust their relationship with creditors). Plaintiff here has not asserted that the filing fees have blocked him from asserting a fundamental right or that he has no other avenue for seeking relief. Indeed, the Court notes that the filing fee is not mandatory; a plaintiff may apply for relief based on an inability to pay. Plaintiff has done exactly that by moving to proceed *in forma pauperis*. Accordingly, Plaintiff has not articulated a due process violation, and his case must be dismissed under § 1915(e).

For these reasons, it is hereby

ORDERED that Plaintiff's complaint (ECF 1) is DISMISSED WITH PREJUDICE; and it is further

ORDERED that Plaintiff's motion to proceed *in forma pauperis* (ECF 2) is DENIED AS MOOT.

To appeal this decision, Plaintiff must file a written Notice of Appeal with the Clerk of Court within thirty (30) days of the date of the entry of this Order. A written Notice of Appeal is

a short statement stating a desire to appeal an order and noting the date of the order Plaintiff wants

to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court. Failure

to file a timely Notice of Appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward a copy of this Order to Plaintiff Wilson Ochar, *pro se*.

/s/
Michael S. Nachmanoff
United States District Judge

January 22, 2026
Alexandria, Virginia